IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02812-MSK-KLM

DEBORAH STANECKI,

      Plaintiff,

v.

TURNING POINT CAPITAL, INC., a New York corporation,
BRYAN S. SARGENT, and
DANIEL CHIRAYATH,

      Defendants.

_____

# DISCOVERY ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Plaintiff's oral Motion to Compel responses to written discovery. The Court held a hearing on the Motion on April 10, 2013. Plaintiff seeks responses to numerous interrogatories, requests for production of documents, and requests for admission from Defendant Turning Point Capital, Inc. ("Defendant").

## I. Background

This is primarily a Fair Debt Collections Practices Act ("FDCPA") case. Defendant admitted many of the factual allegations of the Amended Complaint in its Answer. Defendant also admitted a single violation of the FDCPA. *Answer* [#21] ¶ 20. Defendants Bryan S. Sargent and Daniel Chirayath (the "Individual Defendants") have not yet responded to the Amended Complaint.

The dispute at issue here is driven by the statutory framework of the FDCPA. The

statute imposes strict liability for violations of its provisions, and caps statutory damages at $1,000 regardless of the number of statutory violations proven.   15 U.S.C. § 1692k(a)(2)(A); *see also Santacruz v. Standley & Assocs., LLC*, Civil Action No. 10-cv-00623-CMA-CBS, 2011 WL 3366428, at *1 (D. Colo. Aug. 4, 2011).   However, successful plaintiffs may also recover consequential damages and "a reasonable attorney's fee as determined by the court."   15 U.S.C. § 1692k(a)(3). The amount of the attorney's fee sought by successful plaintiffs under the FDCPA is a frequent subject of dispute, especially when the total amount of damages recovered (both statutory and consequential) is relatively low.   *See, e.g., Miracle Gash v. Client Servs., Inc.,* No. 12-cv-1426-LTB-MJW, 2013 WL 1130717 (D. Colo. Mar. 18, 2013); *Johnson v. Leading Edge Recovery Solutions, LLC*, No.  12-cv-03103-CMA-CBS, 2013 WL 674057 (D. Colo. Feb. 22, 2013); *Segura v. Midland Credit Mgmt, Inc.,* No. 12-cv-00830-PAB-BNB, 2013 WL 560702 (D. Colo. Feb. 14, 2013).

Recently, some defendants have developed a new strategy for attempting to reduce plaintiffs' attorney's fee in FDCPA cases.   That strategy was used here.   It involves the following: the defendant admits most of the factual allegations (and perhaps a single violation of law) in its Answer.   The defendant then declines to respond to discovery requests on the grounds that the plaintiff "is not entitled to additional discovery because the underlying allegations are not contested."   *April 8, 2013 Letter From Brendan Little* ("April 8 Letter"), attached as Ex. A, at 1. The defendant further asserts that to the extent that plaintiff's counsel spends time trying to obtain additional discovery, that time should not be

included in any award of attorneys' fees, because counsel's efforts were unnecessary.[1]  *Id.*

Hence, the issue here is whether discovery is permitted when the material facts of the complaint and a violation of law have been admitted.  Succinctly stated, the question is whether the Court should limit discovery in these circumstances pursuant to Fed. R. Civ. P. 26(b)(2)(C).

## II.  Analysis

### A.  Limits on Discovery

Rule 26 requires the Court to limit discovery in certain circumstances.  If the Court determines that the discovery sought is "unreasonably cumulative or duplicative," it must be limited.  Likewise, if the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of the discovery in resolving the issues [at stake in the action]," discovery must be limited.  Fed. R. Civ. P. 26(b)((2)(C).

Defendant has made an argument that further discovery in this case is unnecessary, but has not offered legal authority to support it.  Defendant's argument is twofold.  First, according to Defendant, "[d]iscovery is only exchanged to prove the factual allegations in the Amended Complaint and since those factual allegations have already been admitted, discovery is unnecessary and would only be solicited to run up the claim for attorneys' fees."  *April 8 Letter* at 1.  This position lacks merit.  Discovery may relate to "any nonprivileged matter that is relevant to any party's claim *or defense . . . .*"  Fed. R. Civ. P.

---

1  The Court notes the irony in this position.  Defense counsel is basically accusing plaintiff's counsel of churning the case for attorneys' fees.  However, defense counsel may be doing the same thing by making any pretense of a defense.  Why not simply advise the client to default?  Putting the client in a position to pay a lawyer to "defend" the case after admitting all essential factual allegations and a single violation of law is no better than defaulting, and arguably worse.

26(b)(1) (emphasis added).  Moreover, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  Hence, despite defense counsel's statement to the contrary, the scope of discovery is much broader than simply "to prove the factual allegations in the Amended Complaint."  *Id.*

Defendant has not asserted that by admitting the factual allegations in the Amended Complaint as well as a single violation of law, it has either expressly or impliedly waived its affirmative defenses or conceded an award of compensatory damages.  At the hearing held on April 10, 2013, defense counsel stated that Defendant has withdrawn its defense of *bona fide* error, but the case docket contains no record of that, and it is not mentioned in counsel's pre-hearing conferral letters.  Although statutory damages under the FDCPA are capped regardless of the number of violations proven, proof of multiple violations may impact compensatory damages by showing the amount and degree of emotional distress suffered by the plaintiff.  In this case, Plaintiff has pled multiple violations of the FDCPA, and Defendant's admission of a single violation does not automatically waive its affirmative defenses as to the other violations pled in the Amended Complaint.  Accordingly, discovery relating to Defendant's affirmative defenses and Plaintiff's compensatory damages is fair and appropriate.[2]

Second, Defendant asserts that the combined effect of the statutory damages limit and Defendant's substantial factual admissions is to reduce its discovery obligations,

---

[2]  The Court expresses no opinion about the propriety of discovery when an FDCPA defendant admits violating the law and expressly waives its affirmative defenses.  As mentioned in footnote 1, however, the Court wonders about the propriety of such a strategy, which amounts to a *de facto* default but nevertheless results in the continuing accrual of attorneys' fees by the defendant.

because regardless of the number of statutory violations Plaintiff can prove, she may only recover $1,000 in non-compensatory damages. In essence, Defendant is asserting that Plaintiff doesn't need to prove anything more to fully recover under the statute; consequently, Defendant is not obligated to provide any further discovery. *April 8 Letter* at 1.

Nothing in the Federal Rules of Civil Procedure suggests that one party may terminate its discovery obligations by admitting a violation of a statute which caps non-compensatory damages. Nothing in the FDCPA suggests that either. Indeed, as mentioned above, the fact that a FDCPA plaintiff may also recover compensatory damages relating to emotional distress suggests the contrary, because the level of emotional distress experienced – and hence the amount of damages recoverable – may increase with the number of violations of the statute to which the victim is subjected. *See, e.g., Minnifield v. Johnson & Freedman, LLC*, 448 Fed. App'x 914, 916-17 (11th Cir. 2011). Hence, despite Defendant's admission of a single FDCPA violation and the reality of the $1,000 statutory damages cap, discovery relating to Defendant's conduct may be appropriate to support not only other violations of the statute, but compensatory damages as well. *See Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996) (noting that the FDCPA not only requires that the debt collector compensate the plaintiff for any monetary damages, but also for "emotional distress or other injury that the debtors can prove the debt collector caused.")

However, it is also clear that the burden and expense of discovery relating to the facts which have been admitted by Defendant outweighs its likely benefit, and therefore such discovery should be limited. Under Rule 26(b)(1)(C), limits on discovery are a two-way street: both parties have an obligation to avoid discovery whose burdens outweigh its

benefits in resolving the legal issues in the action.

**B.    The Disputed Discovery Requests**

Plaintiff's Interrogatory No. 1 requests that Defendant "identify every document in [its] possession which refers or relates to the Plaintiff in any way."  Defendant's objections to this Interrogatory are overruled.  The information requested is relevant to the number and degree of FDCPA violations and compensatory damages, and may be relevant to at least some of Defendant's affirmative defenses, including statute of limitations, non-liability due to Plaintiff's own conduct, consent, and non-willfulness. *Answer* [#21] at 4-5.

Plaintiff's Interrogatory No. 2 requests that Defendant "identify and describe every communication you have ever had with Plaintiff."   Defendant's objections to this Interrogatory are overruled.  The information requested is relevant to the number and degree of FDCPA violations and compensatory damages, and may be relevant to at least some of Defendant's affirmative defenses, including statute of limitations, non-liability due to Plaintiff's own conduct, consent, and non-willfulness.  *Id.*

Plaintiff's Interrogatory No. 3 requests that Defendant "identify and describe every communication you have ever had with a third party (other than your attorney) about the Plaintiff."   Defendant's objections to this Interrogatory are overruled.   The information requested is relevant to the number and degree of FDCPA violations and compensatory damages, and may be relevant to at least some of Defendant's affirmative defenses, including statute of limitations, non-liability due to Plaintiff's own conduct, consent, and non-willfulness.  *Id.*

Plaintiff's Interrogatory No. 5 requests that Defendant "describe all the facts which support [its] denial" of any Request for Admission.   Defendant's objections to this

Interrogatory are overruled.  The information requested is relevant to the number and degree of FDCPA violations and compensatory damages, and may be relevant to at least some of Defendant's affirmative defenses, including statute of limitations, non-liability due to Plaintiff's own conduct, consent, and non-willfulness.  *Id.*

Plaintiff's Interrogatory No. 6 requests that Defendant "describe all facts which support" every affirmative defense in its Answer.  Defendant's objections to this Interrogatory are overruled.  The information requested is relevant to Defendant's affirmative defenses.  *Id.*

Plaintiff's Interrogatory No. 7 requests that Defendant "describe all facts which support" its denial of each paragraph of the Amended Complaint which it has denied. Defendant's objections to this Interrogatory are overruled.  Defendant denied paragraphs 21, 22, 25, 30, 31 and 32 of the Amended Complaint.  These denials do not allege a lack of knowledge or information sufficient to form a belief as to the truth of the allegations made.  The paragraphs at issue assert that Plaintiff suffered emotional distress, that Defendant is liable to Plaintiff under the FDCPA, the statutory language of the Telephone Consumer Protection Act ("TCPA"), that Defendant used a system to place calls to Plaintiff without her consent, and that Defendant willfully violated the TCPA on at least five occasions.  The information sought is patently relevant.

Plaintiff's Interrogatory No. 9 requests that Defendant "describe the contents of every voicemail you have ever left on Plaintiff's answering machine or voicemail system." Defendant's objections to this Interrogatory are overruled.  The information requested is relevant to the number and degree of FDCPA violations and compensatory damages, and may be relevant to at least some of Defendant's affirmative defenses, including statute of

limitations, non-liability due to Plaintiff's own conduct, consent, and non-willfulness.  *Id.*

Plaintiff's Interrogatory No. 10 requests that Defendant "identify every document [it] received from Absolute Resolutions Corporation which related to or identified Plaintiff." Neither Plaintiff nor Defendant has explained the involvement of non-party Absolute Resolutions Corporation in this case.  Plaintiff bears the burden of establishing the relevance of the information sought in discovery. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 553 (D. Colo. 2009); *see also Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).  Defendant's relevance objection to Interrogatory No. 10 is sustained.

Plaintiff's Interrogatory No. 11 requests that Defendant "identify every document [it] received from Wells Fargo Bank, N.A. or one of its subsidiaries or affiliates, which related to or identified Plaintiff in any way."  The Amended Complaint alleges that Plaintiff incurred a debt with "Wells Fargo" and that Defendant attempted to collect the debt from Plaintiff. *Am. Compl.* [#18] at 2.  Defendant has admitted these allegations.  *Answer* [#21] at 2. Under these circumstances, it is difficult to understand how identification of documents received by Defendant from "Wells Fargo" is likely to lead to the discovery of admissible evidence.  Defendant's objections to Interrogatory No. 11 based on relevance and burden are sustained.

Plaintiff's Interrogatory No. 13 requests that Defendant describe the compensation for each employee who contacted Plaintiff and was successful in collecting a debt from Plaintiff.  This information is not relevant to the subject matter of the action, and is not likely to lead to the discovery of admissible evidence.  The relationship between Defendant's compensation system and whether violations of law occurred and Plaintiff's compensatory damages is simply too tenuous to permit discovery under the circumstances present in this

case. Defendant's relevance objection to Interrogatory No. 13 is sustained.

Plaintiff's Interrogatory No. 15 requests that Defendant "identify the last known name, address, and telephone number of every person who has sued [it] for allegedly violating the FDCPA from January 1, 2011 to the present." The Court cannot imagine any way in which the information sought in Interrogatory No. 15 relates to Plaintiff's case, or would be likely to lead to admissible evidence regarding Plaintiff's case. At best, it could lead to information about the individual circumstances under which each other plaintiff sued Defendant and how his or her case was resolved. None of that information is relevant here. Defendant's relevance objection to Interrogatory No. 15 is sustained.

Plaintiff's Interrogatory No. 1 (second set) requests that Defendant provide telephone numbers and addresses for Defendant's former agent, Defendant Daniel Chirayath. Plaintiff's Amended Complaint asserts an FDCPA claim against Mr. Chirayath based on his alleged telephone conversations with Plaintiff. The information sought is relevant and discoverable. Defendant's objections to Interrogatory No. 1 (second set) are overruled.

Plaintiff's Interrogatory No. 2 (second set) requests that Defendant provide telephone numbers and addresses for Defendant's former agent, Defendant Bryan Sargent. Plaintiff's Amended Complaint asserts an FDCPA claim against Mr. Sargent based on his alleged telephone conversations with Plaintiff. The information sought is relevant and discoverable. Defendant's objections to Interrogatory No. 2 (second set) are overruled.

Plaintiff's Interrogatory No. 5 (second set) requests that Defendant provide each telephone number from which Defendant called Plaintiff and the telephone service provider

for each number.   Despite Defendant's substantial factual admissions, the information sought could lead to admissible evidence which is relevant to Plaintiff's claim for compensatory damages; for example, the length of the telephone calls .   Defendant's objections to Interrogatory No. 5 (second set) are overruled.

Plaintiff's Request for Production of Documents No. 1 requests that Defendant provide all documents identified or described in its responses to requests for admission or requests for production. The information requested may be relevant to at least some of Defendant's affirmative defenses and/or Plaintiff's claim for compensatory damages. Defendant's objections to Request for Production No. 1 are overruled.

Plaintiff's Request for Production of Documents No. 4 requests that Defendant provide all documents which refer or relate to Plaintiff in any way. The information requested may be relevant to at least some of Defendant's affirmative defenses and/or Plaintiff's claim for compensatory damages.   Defendant's objections to Request for Production No. 4 are overruled.

Plaintiff's Request for Production of Documents No. 5 requests that Defendant provide any disciplinary reports for any employee who contacted Plaintiff. The information requested may be relevant to Plaintiff's claim for compensatory damages.   Defendant's objections to Request for Production No. 5 are overruled.

Plaintiff's Request for Production of Documents No. 6 requests any "contacts" between Defendant and Absolute Resolutions Corporation.  Neither Plaintiff nor Defendant has explained the involvement of non-party Absolute Resolutions Corporation in this case. Plaintiff bears the burden of establishing the relevance of the information sought in discovery. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 553 (D. Colo. 2009); *see*

10

*also Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).   Defendant's relevance objection to Interrogatory No. 10 is sustained.

Plaintiff's Request for Production of Documents No. 7 requests "a copy of every letter or document [Defendant] allegedly sent to the *Defendant.*"  (Italics added)  Although the italicized word may be a typographical error, the Request for Production as written is overbroad and unduly burdensome.  Defendant's objection to Request for Production No. 7 is sustained.

Plaintiff's Request for Production of Documents No. 1 (second set) requests a copy of Defendant's "application for membership to the ACA International."  Neither Plaintiff nor Defendant has explained the involvement ore relationship of non-party ACA International to this case.  Plaintiff bears the burden of establishing the relevance of the information sought in discovery.  *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 553 (D. Colo. 2009); *see also Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). Defendant's relevance objection to Request for Production No. 1 (second set) is sustained.

Plaintiff's Request for Production of Documents No. 2 (second set) requests a copy "of the declarations page of any Errors and Omissions insurance policies" in Defendant's possession.  Defendant responded that it "does not have insurance coverage for the allegations in the Amended Complaint." Plaintiff has made no showing as to why the requested document is relevant in light of Defendant's response.  Defendant's objection to Request for Production of Documents No. 2 (second set) is sustained.

Plaintiff's Request for Production of Documents No. 3 (second set) requests "all debt collection training records of all natural persons who attempted to collect the debt from the Plaintiff."  Such documents might help to explain the alleged bad conduct of Defendant's

agents, but Plaintiff has made no showing of how they are relevant to remaining factual issues in the case.  Defendant's objection to Request for Production No. 3 (second set) is sustained.

Plaintiff's Request for Production of Documents No. 4 (second set) requests "copies of all Better Business Bureau complaints received by [Defendant] during the last three years which included allegations that one of [its] employees or agents engaged in improper debt collection practices (as well as any responses you made to such complaint)."  Given the breadth of the request, the Court cannot imagine any way in which the information sought would be relevant and admissible in this case.   Defendant's objection to Request for Production No. 4 (second set) is sustained.

Plaintiff's Request for Production of Documents No. 6 (second set) requests "all telephone collection scripts you used to attempt to collect the debt from Plaintiff."  The information sought may relate to additional violations of the FDCPA and/or Plaintiff's compensatory damages.  Defendant's objection to Request for Production No. 6 (second set) is overruled.

Plaintiff's Request for Production of Documents No. 7 (second set) requests "all policies, procedures, and techniques which you gave to persons who attempted to collect the debt from plaintiff."   Although the request does not specify that the requested information must be written, the fact that documents are sought necessarily limits the response to written information.  The information sought may relate to additional violations of the FDCPA and/or Plaintiff's compensatory damages.  Defendant's objection to Request for Production No. 7 (second set) is overruled.

Plaintiff's Request for Production of Documents No. 8 (second set) requests "the

user and programming manuals for collection software [Defendant] used to collect the debt from Plaintiff." Given the breadth of the request, the Court cannot imagine any way in which the information sought would be relevant and admissible in this case. Defendant's objection to Request for Production No. 8 (second set) is sustained.

Plaintiff's Request for Production of Documents No. 9 (second set) requests "all documents which list and define, or act as a key for, codes and abbreviations [Defendant] used for [its] collection software when attempting to collect the debt from Plaintiff." Given the breadth of the request, the Court cannot imagine any way in which the information sought would be relevant and admissible in this case. Defendant's objection to Request for Production No. 9 (second set) is sustained.

Defendant objects to a number of Plaintiff's Requests for Admission on the ground that they are moot because Defendant has already admitted most of the allegations in the Amended Complaint. Plaintiff responds that the Requests are not moot because Defendant has not admitted all alleged violations of the FDCPA. The Court agrees that Requests for Admission Nos. 1, 2, 4, 5, 8, and 9 are not moot. Requests for Admission No. 3 and 2 (second set) are not relevant, for the reasons previously set forth.

### III. Conclusion

In accordance with the above, IT IS HEREBY **ORDERED** that Defendant shall respond to Plaintiff's Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 1 (second set), 2 (second set), 5 (second set); Requests for Production of Documents Nos. 1, 4, 5, 6 (second set), 7 (second set); and Requests for Admissions 1, 2, 4, 5, 8, and 9 **on or before May 31, 2013.**

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendant

shall pay the reasonable expenses incurred in making the motion, including reasonable attorneys' fees.   Plaintiff shall submit an affidavit of such expenses which complies with D.C.COLO.LCivR 54.3 **on or before June 1, 2013.**   Defendant may file a response to the affidavit **on or before June 15, 2013.**   No reply will be permitted.

Dated:  May 13, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge